[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Turning to the case of Schussler vs. Schussler which is Paula A. Schussler vs. Joseph W. Schussler. Docket Number FA-93-0314595.
This was a limited contested dissolution of a marriage between the parties which occur in Trumbull, Connecticut on January 4th of 1992. The defendant has lived continuously in this state for at least twelve months preceding the entry of this decree.
One minor child was born to the wife issue of this marriage who is Matthew R. Schussler, born October 16th, 1992. No other minor children were born to the wife since the date of the marriage.
The State of Connecticut nor any municipality, thereof, is not contributing to the support of either party or the minor child.
The parties' claims as to the causes of the breakdown of the marriage differ vastly. They separated approximately eleven months after the marriage when the plaintiff left with the then infant child for the State of Florida where they have essentially resided since that time.
It is clear from both parties' testimony that each of them had expectations from the other which were not met and they were ill-suited for one another. A dissolution will enter on the grounds of irritrievable breakdown and the Court will not assign greater fault to either party.
Mrs. Schussler is currently receiving welfare from the State of Florida and the minor child is receiving medicare benefits. She is not currently employed. No evidence was presented regarding any factors which would prevent her employment.
Mr. Schussler is employed as an electrician. The Court calculates his net income for the purpose of the child support guidelines to be $662.54 per week. At this income level, under the current circumstances, the Connecticut Child Support CT Page 10072 Guidelines would dictate child support payments in the amount of $166 per week.
Custody of the minor child is awarded to the plaintiff wife subject to flexible, liberal, and reasonable rights of visitation in the defendant husband which shall be no less than six weeks per year.
The husband shall be responsible for the cost of visitation including the child's transportation cost, if any. In view of the current geographic distance and the cost associated with the exercise of visitation and considering same, the Court finds that there's reason to deviate from the Connecticut Child Support Guidelines and orders that the defendant pay to the plaintiff as support for the minor child the sum of $135 per week so long as the minor child resides with the plaintiff and until the sooner of his death, earlier emancipation, or attainment of eighteen years of age. The support payments shall be payable beyond the age of eighteen if the child has not yet graduated from high school, but not beyond nineteen years of age.
The plaintiff shall promptly provide, or cause to be provided, on an ongoing basis to the defendant all medical and school records of the minor child.
The defendant is ordered to pay to the wife the sum of $1 per year as alimony during his lifetime for a period of five years or her earlier death or remarriage. This alimony is modifiable only if the plaintiff is unable to work due to a medical disability.
The defendant is to provide medical insurance coverage for the minor child — if same is available through his employment — and would provide coverage for the minor child at his state of residence. The parties shall be equally responsible for any unreimbursed medical expenses of the minor child.
The defendant's 401 K Plan and Pension Plan shall remain his property free of any claim by the plaintiff.
Each party shall be responsible for the liabilities reflected on his or her respective financial affidavit. And each party shall be responsible for and pay his or her respective counsel fees.
The orders of support are subject to an immediate wage CT Page 10073 execution. The jointly owned real property in Brookfield, Connecticut shall be promptly listed for sale. The parties are to consult with one another and attempt to agree on a listing price within two weeks. In the event that they cannot agree, they shall each select a real estate broker and shall consult with same regarding a listing price. If the two brokers agree on a listing price then the home shall be listed at that price within three weeks of the date of this decision. If those two brokers cannot agree then they shall select a third broker and the property shall be listed at a price calculated by averaging the three brokers proposed listing prices. This listing shall occur no later than four weeks from the date of this decision.
The plaintiff and the defendant shall be required to accept any offer within five percent of the listing price unless otherwise mutually agreed by them.
If the property has not sold within two months of the date of listing, the parties shall reevaluate the asking price with the assistance of the listing agent. The parties will reevaluate the listing price every two months thereafter unless otherwise mutually agreed upon by the parties until such time as the house
Upon the sale of the house, the net proceeds shall be divided equally between the two parties. For the purposes of this decision, net proceeds shall be defined as the gross sale proceeds less brokers commission, closing costs, conveyance taxes, and the payment of any mortgages. The Court will retain jurisdiction to effectuate this portion of the property division.
The parties shall divide any personal property including furniture and furnishing by mutual agreement. If the parties cannot agree on a division, they shall attempt to mediate same with Family Relations. The Court will retain jurisdiction to effectuate the division of such property in the event of any dispute between the parties.
The location of certain jewelry owned by the plaintiff was disputed by the parties. If any of the plaintiff's jewelry is in the defendant's possession, and/or control, he is ordered to promptly return same to the plaintiff.
Maureen D. Dennis, Judge CT Page 10074